WILLS, Admr. v. NAT. LIFE & ACC. INS. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Chester K. Gillespie, Cleveland, for Wills.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Nat. Ins. Co.

SULLIVAN, PJ.

**INSURANCE.**

(310 Pb) Conditions expressed in a policy of life insurance must be complied with before **there can be a recovery on the policy.**

(310 L2) In an action by the beneficiary to recover on a life insurance policy, statements made by the insured in his application, which becomes part of the policy, that he was in sound health, will avoid recovery on policy, when in fact insured was at that time suffering from pulmonary tuberculosis, from which he subsequently died, and of which disease in-**sured did not know until death of insured.**

**TRIAL.**

(590 E3m) The testimony of a public health nurse, as to the health of an insured, is **not a** privileged communication, since a public nurse is not named in the statute relating to privileged communications.

**PHYSICIANS & SURGEONS.**

(430 P2) The testimony of a physician in a public health institution, as to the health of an insured, is not a privileged communication, since the statutory provision, requiring a receiving physician of such an institution to

make a report of each case with his diagnosis, renders such report a public record.

(Levine, J., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

# Ohio Supreme Court SYLLABI

STATE ex Reaugh Const. Co. v. INDUST. COMM.

Ohio Supreme Court.

No. 20961. Decided June 20, 1928.

**EMPLOYER & EMPLOYEE.**

(250 Ib) Classification cannot be applied to occupation or industry as individual unit. Classification by Industrial Commission based on nature of employer's business, **and not** various functions that he may do that makes up his particular business, held **proper.**

For reference to full opinion, see Omnibus Index, last page, this issue.

---

LANGEL v. MOORE.

Ohio Supreme Court.

No. 21051. Decided Nov. 14, 1928.

Error to Licking Appeals.

Judgment affirmed.

DAY, J.

**DEBTOR AND CREDITOR.**

(210 A3) Under an assignment for benefit of creditors, where one creditor holds a mortgage on both real estate and personality of the debtor and a subsequent judgment creditor has a lien on the real estate only, the latter can not invoke the rule of equity that where one has a lien upon two funds and another a subsequent lien upon one of them only, the former will be compelled first to exhaust the subject of his exclusive lien, it appearing that the application of such rule would be inequitable and deprive general creditors of payment upon their claims.

(Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)